WILSON, Circuit Judge, concurring:
In light of our mandatory deference to the Supreme Court of Georgia's decision under the Antiterrorism and Effective Death Penalty Act, I concur with the result in this case. But in my estimation, the Superior Court of Butts County's resolution of the issues presented here was far more thorough and considerate than the resolution reached by the Supreme Court of Georgia in its reversal of the Superior Court's opinion. The Superior Court undertook a searching inquiry into Morrow's childhood, and unequivocally found that Morrow was "the victim of a series of rapes" while he was growing up in the New York area. It in turn concluded that trial counsel's failure to conduct a proper investigation into his life there rendered their performance deficient and prejudiced the outcome of Morrow's case. The Superior Court also found, after a careful examination into testimony and details about the crime scene, that trial counsel's failure to hire an independent crime scene expert was deficient and prejudicial to Morrow.
We should not subject a habeas petitioner to death if he has not been accorded the thorough review of an ineffective assistance of counsel claim that is contemplated under our Constitution. See U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence."). I fear that, in Morrow's case, the result we have reached is based on the Supreme Court of Georgia's unwillingness to grapple with the intricacies of his case. Namely, here we are faced with the short shrift trial counsel gave not only to Morrow's time in New York and New Jersey and the sexual abuse that occurred there, but also to the thought of hiring a crime scene expert that supported Morrow's version of the crimes. It is hard to ignore that there could have been a recognizable impact on at least one member of the jury. Therefore, I concur in the result only.